| Case No. | **CV 11-06842 BRO (JCGx)** | Date | October 25, 2013 |
|---|---|---|---|
| Title | UNITED STATES, *EX REL.* MANIJEH NIKAKHTAR, M.D. v. GATEWAY HOSPITAL AND MENTAL HEALTH CENTER, ET AL. | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

### ORDER RE:
### Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [20]

On August 26, 2013, Plaintiff Manijeh Nikakhtar ("Dr. Nikakhtar" or "Relator") filed, on behalf of the United States, a First Amended Complaint ("FAC") against Gateways Hospital and Mental Health Center ("Gateways" or "Defendant"),[1] asserting three causes of action: (1) violation of the False Claims Act, 31 U.S.C. §3729 *et seq.*; (2) Wrongful Termination in Violation of Public Policy; and (3) age discrimination, in violation of California's Fair Employment and Housing Act.  Defendant moved to dismiss the FAC under Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6).  (Dkt. No. 20.)  After consideration of the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.

   For the following reasons, Defendant's Motion is GRANTED.  Plaintiff's first claim (violation of the False Claims Act) is DISMISSED.  Plaintiff's second claim (Wrongful Termination in Violation of Public Policy) is DISMISSED.  Plaintiff's third claim (age discrimination in violation of California's Fair Employment and Housing Act) is DISMISSED.  These dismissals of Plaintiff's claims are WITHOUT PREJUDICE to the United States.

---

[1] While the hospital is referred to in Plaintiff's pleadings as "Gateway," according to Defendant's pleading, the correct spelling is "Gateways."  (*See* Dkt. No. 20, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, at 1.)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 11-06842 BRO (JCGx)** | Date | October 25, 2013 |
|---|---|---|---|
| Title | UNITED STATES, *EX REL.* MANIJEH NIKAKHTAR, M.D. v. GATEWAY HOSPITAL AND MENTAL HEALTH CENTER, ET AL. | | |

## I. FACTUAL BACKGROUND

Defendant is a non-profit organization which provides mental health services to patients. (FAC ¶1; Motion to Dismiss First Amended Complaint ("Motion") at 3.) *Qui tam* Plaintiff is a forensic psychiatrist who worked at Gateways from August 3, 2009 to September 14, 2009. (FAC. ¶1.) Plaintiff alleges that during her employment, she observed Gateways billing the United States and the State of California for services that were not actually rendered to its patients. (*Id.* ¶¶ 1, 9, 11.) Additionally, Plaintiff alleges that patients were misdiagnosed and provided with deficient care. (*Id.* ¶9.) Plaintiff alleges that she was ultimately terminated by Gateways for protesting the "grossly deficient care that she was expected to render her Gateway mental patients" (*id.* ¶16), and was directed to transfer her patients to Dr. Cat Dang, who was "better at charting for MediCAL billing" and able and willing to treat patients within the timeframes dictated by Gateways (*id.* ¶¶ 9, 24). At the time Plaintiff was hired, she was 70 years old, while Dr. Cat Dang was approximately 40 years old. (*Id.* ¶¶ 23-24.)

On September 13, 2010, Plaintiff filed a Complaint of Discrimination Under the Provisions of the California Fair Employment and Housing Act ("DFEH charge") with California's Department of Fair Employment and Housing ("DFEH") regarding her employment with Gateways, alleging termination, constructive discharge, and retaliation. (Dkt. No. 20-1(Request for Judicial Notice ("RJN")), Ex. 7.) Plaintiff's DFEH charge stated that this conduct was due to "unlawful conduct." (*Id.*) Specifically, Plaintiff's DFEH charge states that she believed the reason for the alleged discrimination was: "Gateways hospital expected Dr. Nikahtar [sic] to manipulate diagnostic codes to maximize medical billing for the benefit of Gateways hospital. Dr. Nikakhtar dissented and this lead [sic] to her constructive discharge." (*Id.*) That same day, Plaintiff received an immediate Notice of Case Closure, or "right-to-sue" notice. (*Id.*; FAC at 29.)

Plaintiff initiated the instant action on August 19, 2011, alleging violations of the False Claims Act, as well as Wrongful Termination in Violation of Public Policy under California law. (Dkt. No. 1.) On March 27, 2013, the United States filed a notice of non-intervention. (Dkt. No. 10.) On August 26, 2013, Plaintiff filed her FAC, which added a third claim of age discrimination, in violation of California's Fair Employment and Housing Act ("FEHA"). (Dkt. No. 17.) On September 16, 2013, Defendant filed the

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 11-06842 BRO (JCGx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | UNITED STATES, *EX REL.* MANIJEH NIKAKHTAR, M.D. v. GATEWAY HOSPITAL AND MENTAL HEALTH CENTER, ET AL. | | |

instant motion to dismiss based on Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6). The United States filed an *Amicus Curiae* Statement of Interest in Response to Defendant's Motion, regarding the legal standard for "false certification claims" under the False Claims Act, and further requesting that any dismissal be without prejudice to the United States. (Dkt. No. 24.) Because analysis of "false certification claims" is not necessary to fully address Defendant's Motion, the Court declines to address that argument here.

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(1)

The plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Motions to dismiss for lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure.

A Rule 12(b)(1) jurisdictional challenge can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, the moving party asserts that the allegations in the complaint are "insufficient on their face" to establish federal jurisdiction. *Id.* "Whether subject matter jurisdiction exists therefore does not depend on resolution of a factual dispute, but rather on the allegations in [the] complaint." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The court accepts the allegations in the complaint as true, and the plaintiff need not present evidence outside the pleadings. *Id.*

By contrast, in a factual challenge, the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. Where the moving party makes a factual challenge by presenting affidavits or other evidence, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Wolfe*, 392 F.3d at 362 (citation and internal quotation marks omitted). In resolving the jurisdictional issue, the court does not accept the allegations in the complaint as true. *Safe Air for Everyone*, 373 F.3d at 1039. "[The court] may hear

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 11-06842 BRO (JCGx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | UNITED STATES, *EX REL.* MANIJEH NIKAKHTAR, M.D. v. GATEWAY HOSPITAL AND MENTAL HEALTH CENTER, ET AL. | | |

evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial," *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987), and it may resolve the merits of the jurisdictional issue even though material facts in the case are disputed, *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

Where determining the existence of subject matter jurisdiction does not depend on determining the substantive merits of the claim, the court may resolve the jurisdictional issue "without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039. But where "the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits," the summary judgment standard should be applied. *Rosales*, 824 F.2d at 803. Jurisdictional and substantive claims are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air for Everyone*, 373 F.3d at 1039-40 (citation and internal quotation marks omitted).

### B. Motion to Dismiss Under Rule 12(b)(6) and 9(b)

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (emphasis added). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.*

LINK:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 11-06842 BRO (JCGx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | UNITED STATES, *EX REL.* MANIJEH NIKAKHTAR, M.D. v. GATEWAY HOSPITAL AND MENTAL HEALTH CENTER, ET AL. | | |

In ruling on a motion to dismiss for failure to state a claim, a court should follow a two-pronged approach: (1) first, discount conclusory statements, which are not presumed to be true; and then, assuming any factual allegations are true, (2) determine "whether they plausibly give rise to entitlement to relief." *See id.* at 679; *see also Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012). A court should consider the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Moreover, "in order to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based, a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (alterations and internal quotation marks omitted).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

Allegations of fraud are excepted from the "notice pleading" standard of Rule 8(a)(2). *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 513 (2002).

> Rule 9(b) requires that, when fraud is alleged, a party must state with particularity the circumstances constituting fraud. Where fraud is not an essential element of a claim, only those allegations of a complaint which aver fraud are subject to Rule 9(b)'s heightened pleading standard. Any averments which do not meet that standard should be disregarded, or stripped from the claim for failure to satisfy Rule 9(b). . . . Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word fraud is not used).
> Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 11-06842 BRO (JCGx)** | Date | October 25, 2013 |
|---|---|---|---|
| Title | UNITED STATES, *EX REL.* MANIJEH NIKAKHTAR, M.D. v. GATEWAY HOSPITAL AND MENTAL HEALTH CENTER, ET AL. | | |

anything wrong. Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction.

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (alterations, citations, and internal quotation marks omitted). In addition, claims that fall under Rule 9(b) must meet Iqbal's plausibility standard. *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1055 (9th Cir. 2011). "Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).

## III. REQUEST FOR JUDICIAL NOTICE

In support of its motion to dismiss, Defendant filed a request for judicial notice of various publicly filed documents. (Dkt. No. 20-1.) When considering a motion to dismiss, a court does not normally look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. *See Mack v. S. Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 111 S. Ct. 2166, 115 L. Ed. 2d 96 (1991). Notwithstanding this precept, a court may properly take judicial notice of: (1) material which is included as part of the complaint or relied upon by the complaint; and (2) matters in the public record. *See Tellabs Inc. v. Makor Issues & Rights Ltd.,* 551 U.S. 308, 322 (2007); *Lee v. City of Los Angeles,* 250 F.3d 668, 688–69 (9th Cir. 2001). Under Federal Rule of Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Further, a court "shall take judicial notice if requested by a party and supplied with the necessary information." *See* Fed. R. Evid. 201(d); *Mullis v. U. S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1388 n. 9 (9th Cir.1987).

Here, Plaintiff raises no challenge the authenticity of the documents contained in Defendant's Request for Judicial Notice. In addition, exhibits 3, 4, and 7 are properly

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 11-06842 BRO (JCGx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | UNITED STATES, *EX REL.* MANIJEH NIKAKHTAR, M.D. v. GATEWAY HOSPITAL AND MENTAL HEALTH CENTER, ET AL. | | |

judicially noticeable under Federal Rule of Evidence 201.[2] Therefore, to the extent necessary to rule on the pending motions, the Court has considered all of Defendant's judicially noticeable exhibits.

## IV. DISCUSSION

Defendant has moved to dismiss all three causes of action in Plaintiff's FAC. The Court will discuss the merits of motion as to each cause of action.

### A. Federal False Claims Act

The False Claims Act provides that a district court lacks jurisdiction over a *qui tam* action that is based on allegations or transactions that have been previously publicly disclosed, unless the plaintiff-relator is the original source of the allegations. 31 U.S.C. § 3730(e)(4)(A)(2009). More specifically, the False Claims Act provides:

---

[2] Exhibits 1, 2, 5, and 6 are not proper documents for this Court to take judicial notice of under Federal Rule of Evidence 201. Exhibit 1 is set of correspondence from counsel regarding this Motion. Exhibit 2 is purportedly a copy of a contract between the County of Los Angeles and Gateways, which is not a matter of public record. Exhibit 5 is a printout of pages from the California Department of Public Health's page on complaints against Gateways. However, it is unclear from Defendant's papers what fact they wish to judicially notice with Exhibit 5. The RJN provides no guidance, (Dkt. No. 20-1, at 2), and Defendant's Motion cites this exhibit in support of the proposition that "Gateways Hospital has also been the subject of complaint investigations in 2006 and 2007, where deficiencies were found and corrective actions taken were all published on the internet. On November 4, 2010, the State recertified Gateways Hospital confirming compliance with Medicare and Medi-Cal (Medicaid)." (Motion at 11-12.) Exhibit 6 is a copy of the "Independent Contractor Agreement" between Gateways and Plaintiff. Given that the parties dispute whether Plaintiff was an independent contractor or employee, this document is clearly not a fact "not subject to reasonable dispute."

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 11-06842 BRO (JCGx)** | Date | October 25, 2013 |
|---|---|---|---|
| Title | UNITED STATES, *EX REL.* MANIJEH NIKAKHTAR, M.D. v. GATEWAY HOSPITAL AND MENTAL HEALTH CENTER, ET AL. | | |

> No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

*Id.*[3] The plaintiff-relator has the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *United States ex rel. Bly-Magee v. Premo*, 470 F.3d 914, 916 (9th Cir. 2006) (citing *United States ex rel. Harshman v. Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1018 (9th Cir. 1999)).

The public disclosure jurisdictional bar requires a "two-tiered inquiry." *A-1 Ambulance Service, Inc. v. California*, 202 F.3d 1238, 1243 (9th Cir. 2000). First, the Court must determine "whether there has been a prior 'public disclosure' of the 'allegations or transactions' underlying the qui tam suit." *Id.* "If and only if there has been such a public disclosure, [the Court] next must inquire whether the relator is an 'original source' within the meaning of § 3730(e)(4)(B)." *Id.*

### (1) *The allegations giving rise to Plaintiff's claims were publicly disclosed through audit reports by the County of Los Angeles.*

Determining whether there has been a prior public disclosure requires two distinct steps. First, the public disclosure must have originated in one of the sources enumerated in the statute. *A-1 Ambulance Service, Inc.*, 202 F.3d at 1243. The three categories of sources are: (1) in a "criminal, civil, or administrative hearing," (2) in a "congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation," or (3) in the "news media." 31 U.S.C. § 3730(e)(4)(A)(2009). If the

---

[3] Although the language of 31 U.S.C. § 3730(e)(4)(A) was revised in 2010, the pre-2010 version is applicable here, as the fraud alleged in this case occurred in 2009, before the amendment was enacted. *See Graham County Soil and Water Conservation District et al. v. United States* ex rel. *Wilson*, 559 U.S. 280, 283 n.1 (2010); *Hughes Aircraft Co. v. U.S.* ex rel. *Schumer*, 520 U.S. 939, 951-52 (1997).

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 11-06842 BRO (JCGx)** | Date | October 25, 2013 |
|---|---|---|---|
| Title | UNITED STATES, *EX REL.* MANIJEH NIKAKHTAR, M.D. v. GATEWAY HOSPITAL AND MENTAL HEALTH CENTER, ET AL. | | |

disclosure did originate in an enumerated source, the second step is to determine "whether the content of the disclosure consisted of the 'allegations or transactions' giving rise to the relator's claim, as opposed to 'mere information.'" *A-1 Ambulance Service, Inc.*, 202 F.3d at 1243 (quoting *Hagood v. Sonoma County Water Agency*, 81 F.3d 1465, 1473 (9th Cir. 1996)). "However, the substance of the [prior] disclosure need not contain an explicit 'allegation' of fraud; the jurisdictional bar is raised so long as the material elements of the allegedly fraudulent 'transaction' are disclosed in the public domain." *A-1 Ambulance Service, Inc.*, 202 F.3d at 1243 (citation omitted). *See also U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1199 (9th Cir. 2009) ("For a qui tam suit to be 'based upon' a prior public disclosure, § 3730(e)(4)(A), the publicly disclosed facts need not be identical with, but only substantially similar to, the relator's allegations.") (internal citations omitted).

Defendant asserts that Plaintiff's allegations were publicly disclosed in: (1) a December 11, 2008 audit report by the County of Los Angeles Department of Audit-Controller ("2008 Audit Report");[4] (2) a November 7, 2012 audit report by the County of Los Angeles Department of Audit-Controller;[5] and (3) a 2008 investigation of claims by the County of Los Angeles Department of Audit-Controller's Office of County Investigations regarding complaints of alleged fraudulent billing by psychiatrists at Gateways. (Opp'n at 8.) While it appears that the 2008 investigation regarding allegations of fraudulent billing was confidential, and therefore *not* publicly disclosed,[6] the two audit reports are publicly available and fall within the second category of sources enumerated by 31 U.S.C. § 3730(e)(4)(A)(2009). Notably, the Supreme Court has held that "a state or local report, audit, or investigation [] may trigger the public disclosure

---

[4] (RJN, Ex. 3.)

[5] (RJN, Ex. 4.)

[6] Defendant provides the declaration of Guy Zelenski, Division Chief of the Office of County Investigations in the Los Angeles County Auditor-Controller's Office, to attest to the County's initiation of an investigation in 2008 regarding allegations of fraudulent billing at "facilities including Gateways hospital." (*See* Zelenski Decl.) However, Zelenski's declaration expressly states that "the [2008] investigation is confidential and cannot be disclosed. . . ." (*Id.* ¶6.) Therefore, this cannot be considered as evidence of a "public disclosure."

LINK:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 11-06842 BRO (JCGx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | UNITED STATES, *EX REL.* MANIJEH NIKAKHTAR, M.D. v. GATEWAY HOSPITAL AND MENTAL HEALTH CENTER, ET AL. | | |

bar." *Graham County Soil and Water Conservation District et al. v. United States ex rel. Karen T. Wilson.*, 559 U.S. 280, 301 (2010). Thus, Defendant has properly established the first step of a public disclosure.

The crux of Plaintiff's False Claims Act claim is that Gateways "submitted fraudulent claims for reimbursement for medical care that was not rendered to patients" in such a manner that could only be discovered if a "qualified medical professional thoroughly review[ed] the medical charts and records of Gateways' patients and interview[ed] said patients." (FAC ¶11.) Plaintiff's most tangible example of the alleged fraud is her claim that Gateways conducted deficient initial evaluations of patients. (FAC ¶9.) Plaintiff also complains of insufficient charting of patient progress, though this is not directly tied to any allegation of fraud. (*See id.* at 5:23-28.) However, the material elements of this allegedly fraudulent activity had already been publicly disclosed in the 2008 Audit Report.[7] According to the 2008 Audit Report, one of the objectives of that review was to "[d]etermine whether Gateways . . . provided the services billed in accordance with their contract with the Department of Mental Health (DMH)." (RJN, Ex. 3, at 64.) The 2008 Audit Report reveals that "[t]he Assessments for six (38%) of the 16 clients reviewed did not describe symptoms and behaviors that were consistent with the Agency's clinical diagnoses. An Assessment is a diagnostic tool used to document the clinical evaluation of each client and establish the client's mental health treatment needs." (*Id.* at 64.) Additionally, the 2008 Audit Report notes deficiencies in Gateways' tracking of the patient progress. (*Id.* at 65.) The report states that "Gateways did not complete 14 (28%) of the 50 Progress Notes reviewed in accordance with the County Contract," and describes categories of deficiency in these notes. (*Id.*) Further, in response to the auditor's findings, Gateways submitted a "Corrective Action Plan," which was attached to the final audit report. (*Id.* at 71.) This "Corrective Action Plan" proposes improvements for each area of deficient patient assessment and tracking identified in the 2008 Audit Report.

---

[7] For the purposes of this analysis, the 2008 Audit Report is dispositive, as it was issued prior to Plaintiff's six-week employment with Gateways in 2009.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 11-06842 BRO (JCGx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | UNITED STATES, *EX REL.* MANIJEH NIKAKHTAR, M.D. v. GATEWAY HOSPITAL AND MENTAL HEALTH CENTER, ET AL. | | |

Plaintiff's False Claims Act allegations are merely a summary of issues noted in the publicly-disclosed 2008 Audit Report. Thus, there has been a "prior public disclosure" of Plaintiff's *qui tam* allegations under 31 U.S.C. § 3730(e)(4)(A)(2009).

### (2) *Plaintiff was not an original source of the information contained in the audit reports.*

"To bring a *qui tam* suit, one must have had a hand in the public disclosure of allegations that are a part of one's suit." *Wang v. FMC Corp.*, 975 F.2d 1412, 1418 (9th Cir. 1992). The first audit report by the County of Los Angeles Department of Audit-Controller was dated December 11, 2008. Yet, Plaintiff's employment at Gateways began on August 3, 2009. Because the 2008 audit report predated Plaintiff's employment, she could not have "had a hand" in the public disclosure of the allegations underlying the audit. As such, she does not qualify as an "original source" of this information.

When the moving party makes a Rule 12(b)(1) factual challenge by presenting affidavits or other evidence, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Wolfe*, 392 F.3d at 362. However, Plaintiff has declined to even refute Defendant's jurisdictional challenge, and instead, relies erroneously on the standard for Rule 12(b)(6) motions. Defendant has successfully demonstrated that Plaintiff's False Claims Act claim is barred by 31 U.S.C. § 3730(e)(4)(A)(2009). Given that Plaintiff's claims are barred by a public disclosure prior to her six-week employment with Gateways, and that Plaintiff has already amended her Complaint, it is unlikely that Plaintiff will be able to amend to surmount this jurisdictional bar. Thus, Plaintiff's first claim is DISMISSED WITH PREJUDICE.

### B. Wrongful Termination Against Public Policy (*Tameny* Claim)

A claim for wrongful termination may be maintained "when an employer's discharge of an employee violates fundamental principles of public policy . . . ." *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 170 (1980). To establish a wrongful discharge in violation of public policy, a plaintiff must demonstrate: (1) an employer/employee

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 11-06842 BRO (JCGx)** | Date | October 25, 2013 |
|---|---|---|---|
| Title | UNITED STATES, *EX REL.* MANIJEH NIKAKHTAR, M.D. v. GATEWAY HOSPITAL AND MENTAL HEALTH CENTER, ET AL. | | |

relationship; (2) that the employer terminated or demoted plaintiff; (3) that the alleged violation of public policy was a motivating reason for plaintiff's termination or demotion; and (4) the termination or demotion caused plaintiff harm. *See Holmes v. General Dynamics Corp.*, 17 Cal. App. 1418, 1426 n.8. *See also* CACI No. 2430. Additionally, employees asserting a *Tameny* claim must show: (1) that the alleged policy is supported by either a statutory or constitutional provision; (2) the policy inures to the public benefit, rather than serving solely the employee's interests; (3) the policy was firmly established at the time of termination; and (4) the public policy is fundamental and substantial. *City of Moorpark v. Super. Ct.*, 18 Cal. 4th 1143, 1159 (1998).

Defendant challenges Plaintiff's *Tameny* claim for failing to establish that her termination was linked to a violation of public policy. The only statutory or constitutional provision cited by Plaintiff to establish the alleged policy violation is the False Claims Act. Notwithstanding that Defendant has demonstrated that Plaintiff's False Claims Act claim is barred by 31 U.S.C. § 3730(e)(4)(A)(2009), Plaintiff's allegations here of "defendants [sic] fraudulent billing practices in violation of 31 USC §2739," (FAC ¶15), is a bald legal conclusion, which fails to satisfy Rule 9(b)'s particularity requirement. Therefore, Plaintiff has not adequately pleaded her second claim for wrongful termination in violation of public policy. This claim is DISMISSED.

### C. Violation of the California Fair Employment and Housing Act ("FEHA")

In order to bring a civil claim under the Fair Employment and Housing Act ("FEHA"), a plaintiff must first file a complaint with the Department of Fair Employment and Housing ("DFEH charge") and obtain a "right-to-sue" letter. *Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479, 492 (1996). *See also Rodriguez v. Airborne Express*, 265 F.3d 890, 896-97 (9th Cir. 2001). The DFEH charge must be filed within one year of the alleged unlawful action, and must include "the name and address of the person, employer, labor organization, or employment agency alleged to have committed the unlawful practice complained of, and that shall set forth the particulars thereof. . . ." Cal. Govt. Code § 12960(b). *See Rickards v. United Parcel Service, Inc.*, 206 Cal. App. 4th 1523, 1526 (June 19, 2012). Any civil action under FEHA must be filed within one year of the date the right-to-sue letter. *Hall v. Goodwill Industries of Southern Cal.*, 193 Cal. App. 4th 718, 725 (2011). Importantly, "[t]he scope of the written administrative charge

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 11-06842 BRO (JCGx)** | Date | October 25, 2013 |
|---|---|---|---|
| Title | UNITED STATES, *EX REL.* MANIJEH NIKAKHTAR, M.D. v. GATEWAY HOSPITAL AND MENTAL HEALTH CENTER, ET AL. | | |

defines the permissible scope of the subsequent civil action. Allegations in the civil complaint that fall outside the scope of the administrative charge are barred for failure to exhaust." *Rodriguez*, 265 F.3d at 897 (internal citations omitted).

Plaintiff was terminated by Gateways on September 14, 2009. (FAC ¶9.) She filed a DFEH Charge on September 13, 2013, and received an immediate right-to-sue letter. (*Id.* ¶31.) However, Plaintiff's DFEH charge states that the alleged discriminatory action was solely due to "unlawful conduct." (*Id.*) Specifically, Plaintiff's DFEH charge states that the reason for the alleged discrimination was: "Gateways hospital expected Dr. Nikahtar [sic] to manipulate diagnostic codes to maximize medical billing for the benefit of Gateways hospital. Dr. Nikakhtar dissented and this lead [sic] to her constructive discharge." (*Id.*)

Plaintiff's DFEH charge does not provide *any* indication or notice that she intended to file a civil claim for age discrimination. Indeed, Plaintiff expressly declined to check the box for "age" as the reason for the alleged discrimination. Thus, Plaintiff has failed to exhaust her administrative remedies for her FEHA claim for age discrimination. As it has been four (4) years since the date of her termination, plaintiff cannot now cure this defect. Therefore, Plaintiff's third claim is DISMISSED WITH PREJUDICE.

## V. CONCLUSION

For the reasons discussed above, the Court GRANTS Defendant's Motion to Dismiss. Plaintiff's first claim (violation of the False Claims Act) is DISMISSED. Plaintiff's second claim (Wrongful Termination in Violation of Public Policy) is DISMISSED. Plaintiff's third claim (age discrimination in violation of California's Fair Employment and Housing Act) is DISMISSED WITH PREJUDICE. These dismissals of Plaintiff's claims are WITHOUT PREJUDICE to the United States.
**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | gt |